**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 16-cv-00906-RM-MJW

ENERGY ACUITY, LLC,

    Plaintiff,

v.

BENEFICIAL ENERGY, LLC,

    Defendant.

___

**ORDER**
___

Pending before the Court is the April 3, 2017 Report and Recommendation of U.S. Magistrate Judge Michael J. Watanabe ("the R&R"), recommending that the Court grant plaintiff Energy Acuity, LLC's ("plaintiff") motion for default judgment ("the motion for default judgment") (ECF No. 13) against defendant Beneficial Energy Solutions, LLC[1] ("defendant"), enter default judgment against defendant, and permit plaintiff to file an affidavit to establish the amount of costs and fees to which it is entitled. (ECF No. 15.)

The R&R specifically advised the parties that written objections were due within 14 days after service of the same. (ECF No. 15 at 4.) The Magistrate Judge warned that failure to file timely and specific objections would waive *de novo* review of the R&R. (*Id.*) More than four months later, no objections to the R&R have been filed in this case.

___

[1] Apparently, the name of defendant as stated in the Complaint missed out the word "Solutions" from defendant's business name.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

In this light, after careful consideration of the record, and the unopposed R&R, the Court ADOPTS the R&R IN PART. Specifically, the Court finds that the Magistrate Judge's analysis and recommendation exhibit no clear error and ADOPTS the same with respect to: (1) denying the motion for default judgment to the extent it seeks default judgment with regard to the copyright infringement claim; (2) finding the Complaint's allegations establish the elements of a breach of contract; and (3) granting the motion for default judgment to the extent it seeks default judgment with regard to the breach of contract claim. (ECF No. 15 at 3.)

The Court, however, declines to adopt the Magistrate Judge's recommendation that plaintiff is entitled to $21,142.25 in damages for the breach of contract claim. (*See id*.) As far as the Court is concerned, plaintiff is not entitled to damages for a $9,975.00 renewal fee that purportedly became due on June 24, 2016. (*See* ECF No. 13 at 7-8.) In Colorado, "the measure of damages for a breach of contract is the loss in value to the injured party of the other party's performance *caused by its failure or deficiency*, plus any other incidental or consequential loss *caused by the breach*, less any cost or other loss that the injured party has avoided by not having to perform." *Gen. Ins. Co. of America v. City of Colorado Springs*, 638 P.2d 752, 759 (Colo. 1981) (emphasis added). Here, the alleged breach of the parties' agreement is defendant's "continued failure to pay the Initial License Fee …." (ECF No. 1 at ¶ 16.) The alleged loss to plaintiff is the "Initial License Fee." (*Id*.) As a

result, that is all, plus interest, to which plaintiff is entitled. *See Gen. Ins. Co. of America*, 638 P.2d at 759.[2]

The Court further notes that, in the motion for default judgment, plaintiff calculated interest on the Initial License Fee as of July 8, 2016—the date the motion for default judgment was filed. (ECF No. 13 at 8 n.3.) As it is now long past July 8, 2016, the Court will allow plaintiff to file a notice informing the Court of the interest that has accrued on the $9,500.00 Initial License Fee as of the date of the filing of the notice. The Court will then instruct the Clerk to enter default judgment on plaintiff's behalf with a damages amount reflecting an updated interest calculation. Plaintiff shall have until **on or before August 22, 2017 to file the above-described notice**.

Finally, the Court ADOPTS the Magistrate Judge's recommendation to allow plaintiff to file an affidavit and any other supporting material to establish the amount of attorneys fees and costs to be awarded. Plaintiff shall have until **on or before August 28, 2017 to file such affidavit and supporting material**.

Accordingly, the Court:

(1) ADOPTS IN PART the Report and Recommendation (ECF No. 15) as set forth herein; and

---

[2] The Court notes that its analysis may have been different had plaintiff filed an amended complaint after June 24, 2016, and alleged that defendant was continuing to use plaintiff's product(s) after the parties' agreement renewed. *See Int'l Bhd. of Elec. Workers, Local No. 12 v. A-1 Electric Serv., Inc.*, 535 F.2d 1, 4 (10th Cir. 1976) (explaining that, despite the defendant's failure to comply with a contractual provision requiring 90-day written notice of termination of a collective bargaining agreement, it was appropriate to limit damages to the end of the contractual year in which the breach occurred because the defendant's "intent to terminate the agreement was adequately manifest by its noncompliance."). Here too, defendant failed to comply with the written notice provision and its noncompliance with the parties' agreement could be construed as manifesting intent to terminate. That being said, if defendant was still using plaintiff's product(s) after the renewal date, then its intent to terminate the agreement likely could not be so construed from its noncompliance. Getting to that point, though, would require the filing of an amended complaint, with the attendant need to serve the same on defendant, and, potentially, move for default judgment anew.

(2) GRANTS IN PART and DENIES IN PART the motion for default judgment (ECF No. 13).

**SO ORDERED.**

DATED this 17th day of August, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
